IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Peter John Grzeskowiak, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Dr. Colin Fennell and Case Pro, Inc., )<br>)<br>    Defendants. ) | Case No: 2:11-cv-18<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Peter John Grzeskowiak ("Grzeskowiak") submitted for filing a *pro se* complaint.  The court previously granted Grzeskowiak's motion for leave to proceed *in forma pauperis* ("IFP").  Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an IFP complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  The court is required to liberally construe plaintiff's complaint.  Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).

Grzeskowiak was injured in a car accident on March 27, 2003 while driving a vehicle insured by Geico Insurance ("Geico").[1]  In July of 2008, approximately five years after Grzeskowiak had last been treated for the injuries sustained during the car accident, Geico received a bill for chiropractic treatment performed at Altru Rehab Center.  Grzeskowiak v. Geico Ins., Case No. 2:09-cv-31 at Doc. #28-3.  Because of the lapse of time Geico required Grzeskowiak to submit to an Independent Medical Evaluation at Geico's expense ("IME") to ascertain whether Grzeskowiak's need for chiropractic treatment was related to the 2003

---

[1] Grzeskowiak filed suit against Geico Insurance in this court claiming breach of contract, failure to act in good faith, and fraud.  See Grzeskowiak v. Geico Ins., Case No. 2:09-cv-31.  Defendant's motion for summary judgment was granted and the case was dismissed.  Id.  Grzeskowiak appealed the order granting summary judgment to the Eighth Circuit Court of Appeals where the case is currently pending.  The court takes judicial notice of all of the documents and exhibits filed in Grzeskowiak v. Geico Ins., Case No. 2:09-cv-31.

accident.  Id.  Geico hired defendant CasePro, Inc. ("CasePro"), a managed care medical company, to arrange for the IME appointment.  Id.  Geico requested that Grzeskowiak communicate with a CasePro representative in the process of scheduling the IME.  Id.  CasePro informed Grzeskowiak via a letter that an appointment was scheduled with the defendant Dr. Colin Fennell ("Dr. Fennell").  Id. at Doc. #28-5, Doc. #28-9.

Dr. Fennell is an orthopedic surgeon employed by RiverView Health.  Id. at Doc. #28-10.  Dr. Fennell explained to Grzeskowiak that he was performing an IME and that no doctor/patient relationship would exist.  Id.  Dr. Fennell reviewed Grzeskowiak's medical records, interviewed him, and examined him prior to providing his assessment to CasePro.  Id.  Dr. Fennell determined that Grzeskowiak's 2008 medical issues were 20% the result of the 2003 accident and 80% due to other underlying medical conditions.  Id.

Grzeskowiak contends that Dr. Fennell's findings were "lies."  Specifically, Grzeskowiak refers to Dr. Fennel's finding that his neck issues are 80% related to an underlying pre-existing condition.  Grzeskowiak also alleges that Dr. Fennell forced him to undergo x-rays which subjected him to "radiation contamination."  Grzeskowiak seeks monetary damages against the defendants.

**CasePro**

A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Grzeskowiak does not allege that CasePro did anything to him.  He acknowledges that CasePro simply scheduled the IME.  Grzeskowiak infers that Dr. Fennell and CasePro are in some sort of principal-agent relationship and that Dr. Fennell was paid to lie.  However, Dr. Fennel is not

employed by CasePro, Dr. Fennel did not perform the IME subject to CasePro's control, and Geico paid for the IME. Grzeskowiak has failed to state a claim upon which relief can be granted as to defendant CasePro. See Id. (A pro se plaintiff must set forth enough facts to nudge their claims "across the line from conceivable to plausible," or their complaint must be dismissed for failing to state a claim upon which relief can be granted.).

### Dr. Fennell

Grzeskowiak takes issue with Dr. Fennell's finding that his neck problems were 80% the result of a pre-existing condition. Grzeskowiak states that he had "kink[s]" in his neck in the past and that nothing was wrong with his neck prior to the 2003 accident.

Dr. Fennell reviewed Grzeskowiak's medical records and noted that Grzeskowiak had been diagnosed by Dr. Blanchard as having pre-existing degeneration which was exacerbated by the 2003 accident, and that prior to the accident Grzeskowiak reported to Dr. Blanchard that his neck was "extremely bad" and that he was "unable to perform work at home due to discomfort in his neck and back." Grzeskowiak v. Geico Ins., Case No. 2:09-cv-31 at Doc. #28-10, p. 3.

Grzeskowiak provided Dr. Fennell with x-rays from 1996 that showed three levels of disc degeneration. Id. The same three levels of degeneration were confirmed by later x-rays and a MRI which also showed progression of the degeneration. Id. Grzeskowiak claims the 1996 x-rays are "worthless" and if he had a previous neck injury he would have destroyed the 1996 x-rays rather than giving them to Dr. Fennell.

A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Grzeskowiak's claim that Dr. Fennell's finding's were "lies" is frivolous. See Id. (The term "frivolous" . . . "embraces not only the inarguable legal

conclusion, but also the fanciful factual allegation."). Dr. Fennell supported his findings with the medical records and Grzeskowiak's allegation that Dr. Fennell lied lacks merit.

Grzeskowiak's claim that Dr. Fennell forced him to undergo x-rays is also frivolous. Grzeskowiak claims that Dr. Fennell told him he had to have x-rays or Dr. Fennell would say that Grzeskowiak refused to comply with the terms of his automobile policy. Dr. Fennell stated that he wanted to do five x-rays, but Grzeskowiak did not want to do more than three. Grzeskowiak v. Geico Ins., Case No. 2:09-cv-31 at Doc. #28-10, p. 4. Dr. Fennell said that he and Grzeskowiak "compromised on the cervical lateral view and 2 oblique views." Id. There is nothing that suggests Grzeskowiak was forced to undergo x-rays. Grzeskowiak could have refused the x-rays with the potential consequence being the denial of his claim pursuant to the terms of his automobile policy.

## Conclusion

Grzeskowiak has failed to state a claim upon which relief can be granted as to defendant CasePro. Grzeskowiak's claims against Dr. Fennell are frivolous. It is **RECOMMENDED** that Grzeskowiak's complaint (Doc. #7) be **DISMISSED** with prejudice.

Dated this 4th day of May, 2011.

   /s/ *Karen K. Klein*
   Karen K. Klein
   United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and

Recommendation and by filing with the Clerk of Court no later than May 20, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.